# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

GEMINI LAKE,

      Plaintiff,

      v.

EDWARD M. BRENNAN, ESQ.,
et al.,

      Defendants.

CIVIL ACTION NO. 3:24-cv-02104

(SAPORITO, J.)

## MEMORANDUM

This matter is before the court on a fee-paid *pro se* complaint filed by the plaintiff, Gemini Lake, on Thursday, December 5, 2024. Doc. 1.

The *pro se* complaint itself is no model of clarity, alleging only vaguely that the Redevelopment Authority of the City of Pottsville (the "Redevelopment Authority") and various individual defendants have attempted over the course of three years to deprive Lake of unidentified real property, in violation of his Fourteenth Amendment due process and equal protection rights. The complaint alleges that the defendants are in the midst of attempting to take the subject property through a conservatorship action, with a hearing scheduled to take place on Monday, December 9, 2024. For relief, the plaintiff requests that this

federal court preliminarily and permanently enjoin the state court conservatorship proceedings and any other actions by the defendants against Lake and a corporation for which he is chief executive officer, Advanced Consulting Inc.

The scant information alleged in the *pro se* complaint, however, is sufficient to specifically identify the state court conservatorship action and the real property at issue. Thus, we take judicial notice that, on September 16, 2024, the Redevelopment Authority filed a conservatorship action in the Court of Common Pleas for Schuylkill County, Pennsylvania, which is styled as *Redevelopment Authority of the City of Pottsville v. 23 North Centre Street Pottsville*, No. S-1767-2024 (Schuylkill Cnty. (Pa.) Ct. Com. Pl. filed Sept. 16, 2024).[1] We further take judicial notice that, on October 30, 2024, the state court entered an order scheduling an upcoming hearing in the case, to be held at 9:00 a.m. on Monday, December 9, 2024. Finally, we take judicial notice that the property at 23 North Centre Street in Pottsville, has been assigned tax

---

[1] A district court, of course, may properly take judicial notice of state and federal court records. *See* Fed. R. Evid. 201; *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Ernst v. Child & Youth Servs. of Chester Cnty.*, 108 F.3d 486, 498–99 (3d Cir. 1997); *Pennsylvania v. Brown*, 373 F.2d 771, 778 (3d Cir. 1967).

parcel number 68-27-362 by the county, and its record owner, Advanced

Consulting Inc. appears to have acquired the property via a tax sale on

April 28, 2021.[2]

For multiple reasons, this federal civil action must be dismissed *sua*

*sponte* for lack of subject matter jurisdiction.

First, the requested relief—an order enjoining the state court

conservatorship action—is generally precluded by the Anti-Injunction

Act. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant

an injunction to stay proceedings in a State court except as expressly

authorized by Act of Congress, or where necessary in aid of its

jurisdiction, or to protect or effectuate its judgments."); *In re Prudential*

---

[2] *See* Schuylkill Cnty. (Pa.) Recorder of Deeds, https://
pa.uslandrecords.com (select "Schuylkill" from counties menu, select
"Volume Search" from search type menu, and search for "Volume 2729,
Page 2103") (deed recorded Apr. 30, 2021) (last visited Dec. 5, 2024);
Schuylkill Cnty. (Pa.) Assessment Information Website, https://
gis.vgsi.com/SchuylkillCountyPA/Search.aspx (search for address "23 N
Centre Street" and click on hyperlinked result for detailed CAMA
property card) (last visited Dec. 5, 2024). A district court may take
judicial notice of publicly recorded property records such as this. *See
generally* Fed. R. Evid. 201; *Gagliardi v. Kratzenberg*, 188 Fed. App'x 86,
88 n.3 (3d Cir. 2006) (per curiam) (taking judicial notice of publicly
recorded deeds reflecting property ownership); *Hynoski v. Columbia
Cnty. Redevelopment Auth.*, 941 F. Supp. 2d 547, 556 (M.D. Pa. 2013)
(taking judicial notice of publicly recorded real estate transfer records).

*Ins. Co. of N. Am. Sales*, 314 F.3d 99, 103 (3d Cir. 2002) ("The [Anti Injunction] Act 'is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions.'") (quoting *Atl. Coast Line R.R. v. Bhd. Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). The plaintiff has identified no applicable exception, and we find none in our own review of the complaint and those facts of which we have taken judicial notice. *See Prudential*, 314 F.3d at 104 ("Antisuit injunctions are permitted: (1) 'as expressly authorized by Act of Congress'; (2) 'where necessary in aid of its jurisdiction'; or (3) 'to protect or effectuate its judgments.'"). Therefore, this court is barred from issuing the requested injunctive relief.

Second, to the extent the plaintiff asks this federal district court to exercise control over the real estate parcel at issue, 23 North Centre Street, over which the state court has already asserted *in rem* jurisdiction, we are precluded from exercising jurisdiction over that same property by the *Princess Lida* doctrine. "The *Princess Lida* doctrine 'prevents a court in which an action is filed from exercising jurisdiction when a court in a previously filed action is exercising control over the property at issue and the second court must exercise control over the

same property in order to grant the relief sought.'" *In re Allen*, 768 F.3d 274, 279 (3d Cir. 2014) (quoting *Dailey v. Nat'l Hockey League*, 987 F.2d 172, 175 (3d Cir. 1993)); *see also Hohensee v. Grier*, 373 F. Supp. 1358, 1365–66 (M.D. Pa. 1974) ("Federal courts should decline to interfere with property over which a competent state court has assumed jurisdiction."). *See generally Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939). Therefore, we are precluded from exercising *in rem* jurisdiction over the 23 North Centre Street property because the state court has exclusive jurisdiction under *Princess Lida*.

Finally, the *pro se* plaintiff, Gemini Lake, is not the record owner of the property at issue. Instead, he seeks to vindicate the rights and interests of the corporate owner of record, Advanced Consulting Inc.[3] But an officer or shareholder of a corporation does not have Article III standing to enforce the rights of the corporation or to redress the corporation's injuries in his or her individual capacity, even if the corporation has only one shareholder. *See D'Antonio v. Borough of Allendale*, No. 22-1329, 2022 WL 10965674, at *2 (3d Cir. Oct. 19, 2022)

---

[3] Lake alleges only that he is chief executive officer of Advanced Consulting Inc. He does not allege any ownership interest with respect to the corporation, but we presume he is its principal or sole shareholder.

(per curiam); *Diva's Inc. v. City of Bangor*, 411 F.3d 30, 42 (1st Cir. 2005); *Pitchford v. PEPI, Inc.*, 531 F.2d 92, 97 (3d Cir. 1975); *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 732 (3d Cir. 1970); *Adams Parking Garage, Inc. v. City of Scranton*, 171 F. Supp. 2d 417, 421 (M.D. Pa. 2001). Moreover, the *pro se* complaint may not properly be construed as having been brought by the corporate record owner of the property itself, as Lake is not a licensed attorney. *See Azaryev v. Dauphin Cnty. Dist. Att'y*, No. 1:23-cv-00913, 2023 WL 4166092, at *1 (M.D. Pa. June 23, 2023) ("It is well established that a corporation may not appear in federal court as a *pro se* litigant, but rather it must be represented by a licensed attorney.") (collecting cases).

Accordingly, this action will be dismissed *sua sponte* for lack of subject matter jurisdiction.

An appropriate order follows.

Dated: December 6, 2024

JOSEPH F. SAPORITO, JR.
United States District Judge